[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this tax appeal, the appellant alleges the town's assessment of $851,050.00 as fair market value is excessive. At issue, is the re-evaluation re-assessment of October 1, 1990. At trial, the town's appraiser set a fair market value of $700,000.00. The appellant offered a appraisal of $405,000.00.
The court has examined both appraisals and in particular the comparables utilized as supporting data. Three comparables were used by both appraisers. The court has a degree of familiarity with all the comparables from prior hearings on this town's tax appeals.
A few observations are appropriate. The appellant's appraiser CT Page 1766 had the opportunity to inspect this property on or about March 1, 1991 (the date of his appraisal). The town's appraiser signed his appraisal on October 1, 1995 and did not see the interior of the house. The town's estimated site value of $600,000. especially in, view of the description of the beach, is high.
While there were definite differences of opinion between the appraisers on several points, the three common comparables bear heavily in the court's conclusion. In particular, 39 Parker Lane, which was sold twice between October 1989 and November 1991, is significant. In October 1989, it sold for $525,000 and in November of 1991, it sold for $608,000. In between those dates it was extensively improved. The court cannot conclude that this property is as inferior to the subject property as the town claims. On the other hand, the appellant's reasoning to justify its market value figure is suspect.
Taking all factors into account, the court concludes that the reasonable market value of the subject property, 78 Middle Beach Road is $575,000.00.
Anthony V. DeMayo Judge Trial Referee